JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

TYLER C. FRICK,

        Plaintiff,

    v.

LOS ANGELES COUNTY SHERIFFS DEPARTMENT,

        Defendant.

Case No. 2:24-cv-08802-JWH-AGRx

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS CASE**

# I.  PROCEDURAL BACKGROUND

On October 11, 2024, Plaintiff Tyler C. Frick, proceeding *pro se* and *in forma pauperis*, filed a complaint against the Los Angeles County Sheriff's Department ("LASD") alleging violations of Title II of the Americans with Disabilities Act; Section 504 of the Rehabilitation Act; 42 U.S.C. § 1983, Fifth and Fourteenth Amendments; and obstruction of justice.[1]

The Court directed the U.S. Marshal Service ("USMS") to serve process upon Defendant LASD.[2]

Frick filed a Notice of Dismissal on December 26, 2024, and this action was closed.[3]  On December 30, 2024, Frick filed a motion to reopen this case.[4] By Order dated January 6, 2025, the Court granted Frick's motion to reopen the case.[5]

On February 11, 2025, the USMS filed a process receipt and a waiver of service from LASD.[6]  LASD thus waived service, and its response to the complaint is currently due on April 2, 2025.[7]

# II.  FRICK'S MOTION TO DISMISS CASE

On February 10, 2025, Frick filed a motion to dismiss this action in its entirety without prejudice.[8]  In his Motion, Frick stated:  "Plaintiff does not see

---

[1]    Complaint [ECF Nos. 1, 15, 16, 17, 20, 21, & 32].

[2]    Order Directing Service by United States Marshal [ECF No. 11].

[3]    Notice of Dismissal [ECF No. 105].

[4]    Motion to Reopen [ECF Nos. 106, 108, 109, 110, & 111].

[5]    Order (1) Granting Pl.'s Mot. to Reopen Case; and (2) Denying as Moot Pl.'s Motion to Compel Issuance of Subpoenas [ECF No. 114].

[6]    Waiver of Service [ECF No. 134]; Process Receipt and Return of Service [ECF No. 135].

[7]    *Id.*

[8]    Pl.'s Mot. to Dismiss (the "Motion") [ECF No. 133].

a chance for success if he continues litigation on this case, and is dealing with too much mentally to continue."[9]  In a subsequent email, Frick expressed his belief that LASD had not been served.

On February 20, 2025, the Magistrate Judge issued a Notice to Frick to ensure that he has the pertinent information regarding the status of service of the complaint and the status of this action.[10]  Frick was advised that LASD had waived service and that its response to the complaint was due on April 2, 2025. Frick was further advised that, once LASD appears in this case, the next step would be for the Court to set a status conference with Frick and LASD's counsel to discuss, among other things, possible early mediation.  Frick was further advised that he may persist in his Motion to dismiss this action.[11]  The Court ordered Frick to file, by March 6, 2025, a supplemental brief that notifies the Court whether he wishes to pursue his Motion to dismiss his case or whether he wishes to withdraw that Motion.

On February 26, 2025, Frick filed a Notice of Dismissal dismissing this action in its entirety.[12]

### III.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.    Frick's instant Motion [ECF Nos. 133] and his Second Notice of Dismissal [ECF No. 137] are **GRANTED**.

2.    This action is **DISMISSED without prejudice**.

---

[9]     *Id.*

[10]    Order (1) Requiring Suppl. Br.; (2) Denying as Moot Pl.'s Mots. Regarding Service of Process; and (3) Denying without Prejudice as Premature Pl.'s Mot. for Status Conference [ECF No. 136].

[11]    *Id.* at 2.

[12]    Notice of Dismissal (the "Second Notice of Dismissal") [ECF No. 137].

-3-

3.  All other pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  March 12, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE